IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WELLS FARGO BANK N.A.
AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF
BANC OF AMERICA ALTERNATIVE
LOAN TRUST 2005-1, MORTGAGE
PASS-THROUGH CERTIFICATES
SERIES 2005-1

    Plaintiff,
vs.                            CASE NO.: 5:17-cv-00116-PGB-PRL

CLAIRE COX a/k/a
CLAIRE LOUISE COX,
CHRISTIAN MOORE a/k/a
CHRISTIAN TERRENCE MOORE,
WESTON HILLS HOMEOWNERS
ASSOCIATION, INC.

    Defendants.
_____/

**DEFAULT JUDGMENT**

Plaintiff filed an Amended Complaint [Doc 2] and Motion for Default Judgment. [Doc 26] Having considered the Motion and record, the Court finds a hearing is not required, the Motion is granted and this Judgment is entered as follows:

Plaintiff is a national bank with its principal place of business in South Dakota of which it is a citizen per 28 U.S.C. §1348. Defendants Cox and Moore are individuals domiciled in and citizens of Florida per 28 U.S.C. §

1

1332. Defendant Weston is incorporated in Florida, location of its principal place of business of which it is a citizen per 28 U.S.C. § 1332. Per 28 U.S.C. § 1332, the parties are diverse and the amount in controversy exceeds $76,000.00, per the value of the realty at issue and/or relief sought from plaintiff's perspective. ***Cohen v. Office***, 204 F.3d 1077 (11th Cir. 2000); ***Occidental v. Bullard***, 995 F.2d 1046 (11th Cir. 1986) Value may be determined by an instrument governing the property, such as those at issue. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961); The Court has sole jurisdiction as to the Property at issue. ***Wabash v. Adelbert***, 208 U.S. 54 (1907) Per 28 U.S.C. § 1367, jurisdiction exists over all claims in this case/controversy.

Personal jurisdiction exists and is proper per Fla. Stat. § 48.191 and/or the Constitution as Defendants reside in and/or conduct business in Florida and/or claim ownership, lien or other interests in the realty at issue. Under 28 U.S.C. § 1391 and § 89, venue is proper as the Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claim occurred, the location of the real property at issue.

The real property at issue is described as:

Lot 190 Weston Hills Subdivision, Phase I, according to map or plat thereof as recorded in Plat Book 39, Pages 39 through 41, of the Public Records of Lake County, Florida.

Address: 15503 Bay Vista Drive, Clermont, FL 34714

On 11/12/04, Phillip and Suzanne Reece conveyed the Property to Defendants Cox and Moore, per a Warranty Deed recorded 11/23/04, Lake County Book 2703, Page 1904. On 11/12/04 Cox/Moore executed a Note in the principal sum of $205,860.00 to Bank of America, N.A. [BOA] to purchase the Property. On 11/12/04, Cox/Moore executed a Mortgage to BOA securing the Property as collateral for the Note, recorded 11/23/04, Book 2703, Page 1926.

On 12/17/13, BOA executed an Assignment of the Mortgage to Plaintiff, recorded 2/3/14, Book 4436, Page 207. BOA assigned and transferred the Note and/or all interest in it to Plaintiff as provided by law.  Defendant Weston claims and/or may claim lien interests in the Property per its Declaration of Covenants, executed 8/13/97 recorded 9/16/97, Book 1548, Page 217 and/or per its lien recorded 6/22/12, Book 4177, Page 2079.

Cox and Moore breached Plaintiff's Note and/or

3

Mortgage, still in effect, not making payments and/or not fulfilling other obligations on them, now in default.

Plaintiff held and/or owned the Note and Mortgage and/or claims at issue, which had standing to enforce them prior to commencing suit, their principal balance exceeding $76,000.00, plus attorney's fees as provided by their terms.

All interests in the Property are subject to, subordinate and inferior to Plaintiff's senior interest, of which the Defendants had notice and/or knowledge, from which they benefitted, who will not be prejudiced or subjected to injustice by the relief sought.  All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

Plaintiff filed suit [Doc 1] and then the Amended Complaint [Doc 2] and serving the Defendants, [Doc 17-19] against which default was entered. [Doc 25]

17.  Plaintiff seeks to declare and judicially foreclose its senior interest in the Property [AC ¶ 19-21] obtain possession of the Property. [AC ¶ 26-28] and obtain judgment on the Note against Cox and Moore. [AC ¶ 39-41]

18.  The outstanding loan balance is detailed as:

Unpaid Principal Balance:           $  182,869.29

4

        Date of Last Payment:          5/1/12
        No other costs or fees are sought.

Cox and Moore are not currently in and have not been in the military for the last 30 days and not subject to protection per 50 U.S.C. §3901 *et seq*.

Per Fed. R. Civ. P. 55 and the entries of default, the Defendants admitted Plaintiff's well-pled allegations. ***Buchanan v. Bowman***, 820 F.2d 361 (11th Cir. 1987) The Defendants waived all defenses to this case. ***Pensacola v. E. Shore***, 684 F.3d 1221-22 (11th Cir. 2012) Default judgment may be entered against the Defendants who never placed this case at issue. ***Solaroll v. Bio-Energy***, 803 F.2d 1134 (11th Cir. 1986) There is a sufficient basis in the pleadings for judgment. ***Nishimatsu v. Houston,*** 515 F.2d 1206 (5th Cir. 1975) Plaintiff states claims for which relief may be granted, detailed above and below. ***Chudasama v. Mazda***, 123 F.3d 1370 n.41 (11th Cir. 1997) Plaintiff are entitled to default judgment as set forth below.

Plaintiff has standing as holder of its Note/Mortgage. ***Branch v. Park***, LEXIS 63661 * 21 (M.D. Fla. 2014) A note and mortgage may be simultaneously enforced by foreclosure/ejectment and/or suit on debt. ***PNC v. Starlight***,

5

LEXIS 78087 (M.D. Fla. 2014); ***Royal Palm v. PNC***, 89 So. 3d 929 (Fla. 4th D.C.A. 2012); ***Manley v. Union Bank,*** 1 Fla. 160 (Fla. 1846) The Note establishes a *prima facie* case for enforcement. Attacks upon the Note or its debt must be made by affirmative defenses which the Defendants waived/did not meet their burden of proof. ***Haycook v. Ostman***, 397 So.2d 743 (Fla. 5th D.C.A. 1981) Per the loan default, Plaintiff may accelerate the balance due. ***Zimmerman v. Olympus,*** 936 So. 2d 655 (Fla. 4th D.C.A. 2007)

Per Count I, Plaintiff seek a declaratory judgment of its senior interest in the Property. Per 28 U.S.C. § 2201 a declaratory judgment resolves a case/controversy. ***Malowney v. Federal***, 193 F.3d 1347 (11th Cir. 1999). "Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. The continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." ***Emory v. Peeler***, 756 F.2d 1552 (11th Cir. 1985) Plaintiff presented a real and immediate controversy under the Act, its lien priority over that of the Defendants. ***HSBC v. Perez***, 165 So. 3d 696 (Fla. 4th D.C.A. 2015) ***GeoTag v. European***, LEXIS 74325 (M.D. Fla.

6

2014) Plaintiff holds the senior interest in the Property. ***Holly v. F.N.M.A***, 660 So. 2d 268 (Fla. 1995)

Per Count I, 28 U.S.C. § 2001-02 and applicable law. Plaintiff may judicially foreclose the Property as Plaintiff holds its Note/Mortgage, to which Cox/Moore defaulted on payments, justifying acceleration. ***Citibank v. Dalessio***, 756 F. Supp. 2d 1361 (M.D. Fla. 2010); ***Brown Bark v. Torres***, LEXIS 3433(S.D. Fla. 2010); ***Citibank v. Grant***, LEXIS 98518 (S.D. Fla. 2007); ***Stearns v. Farrell***, LEXIS 12811 (M.D. Fla. 2012); ***Harmony v. USA***, 936 F. Supp. 913 (M.D. Fla. 1996); ***NWE7 v. Thomco***, LEXIS 184633 (N.D. Fla. 2015)

Plaintiff's senior interest in the Property is first in time/right. ***People's v. Arbuckle***, 90 So. 458 (Fla. 1921) Plaintiff named the title holders. ***English v. Bankers***, 895 So. 2d 1120 (Fla. 4th D.C.A. 2005) Plaintiff's interest is superior to the owners. ***Jordan v. Sayre***, 3 So. 329 (Fla. 1888) Plaintiff's interest forecloses inferior ones. ***National v. Burgher***, 742 So. 2d 406 (Fla. 4th D.C.A 1999)] Plaintiff requests the Court reserve jurisdiction to re-foreclose the Property as to post-judgment interests in it. ***English*** at 1120

Per Fed. R. Civ. P. 53, Plaintiff seeks appointment of a special master to conduct the sale, namely Mediation Inc./James Chaplin, Esq., One Financial Plaza, 18th FL, Ft Lauderdale, 33394, (954) 764-1000 per prior cases. ***Wilmington v. Pearce et al***, LEXIS 41673 (M.D. Fla. 2017) [appointed Mediation Inc./Chaplin as special master for judicial foreclosure sale]; ***NWE7 v. Thomco,*** LEXIS 184633 (N.D. Fla. 2015); ***Charterbank v. TW***, LEXIS 124888 (N.D. Fla. 2012); ***Stearns v. Farrell***, LEXIS 12811 (M.D. Fla. 2012); ***Holland v. Intl.,*** 85 F. 865-867, (5th Cir. 1898); ***Pewabic v. Mason,*** 145 U.S. 362 (1892), *Landmark v. Robinson*, M.D. Fla. Case No. 3:13-cv-00279-HES-MCR [Doc 13, 16: decree of foreclosure for Chaplin /designee to conduct sale] *Stonecrest v. Benitez*, M.D. Fla. Case No. 8:13-cv-03035-RAL-AEP [Doc 14: decree of foreclosure for Chaplin/designee to conduct sale] ***Sequoia v. Henry***, LEXIS 23581 (M.D. Fla. 2014) [special master/designee may conduct sale] ***Sequoia v. Rosales***, LEXIS 132178 (M.D. Fla. 2013); ***Sequoia v. Bidwell***, Case No. 8:12-cv-2534-VMC-MAP, (Doc. 23 at 5) A special master averts costs of the Marshal, per 28 U.S.C. § 1921. ***Federal v.Hassler***, 595 F.2d 358 (6th Cir. 1979).

8

Per Count II, Plaintiff or any purchaser of the Property is entitled to post-sale possession of the Property, per Fed. R. Civ. P. 64 and a writ of possession/ejectment. **Redding v. Stockton**, 488 So. 2d 548 (Fla. 5th D.C.A. 1986) *See* **Wabash,** 208 U.S. 54

Per Count III, Plaintiff is entitled to judgment against Cox/Moore for the sums due on the Note/Mortgage, which may also foreclose and seek possession of the Property. **Royal Palm v. PNC**, 89 So. 3d 929 (Fla. 4th D.C.A. 2012); **Manley v. Union Bank,** 1 Fla. 160 (Fla. 1846) **Aventura v. Spiggia**, LEXIS 956 (Fla. 3rd D.C.A. 2013) **LPP v. Cacciamani**, 924 So. 2d 930 (Fla. 3rd D.C.A. 2006) The Court can enter judgment for liquidated damages in the above amounts, capable of mathematical computation or ascertainment from definite figures conducted in documentary evidence or detailed affidavits, such as the Motion. **United v. Freeman**, 605 F.2d 857 (5th Cir. 1979); **Adolph Coors v. Movement**, 777 F.2d 1543 (11th Cir. 1985)

Accordingly, the Motion is granted and it is ordered, adjudged and decreed as follows:

1. Per Count I of the Complaint, the Court declares and establishes Plaintiff's Note and Mortgage are the senior

interest in the Property and/or its proceeds, relating back to their origination, which remain in full force and effect.

2. Per <u>Count I</u> of the Complaint and its Mortgage, Plaintiff holds a valid first position senior interest upon all property, rights to property, claim or estate of the Defendants against the Property and its improvements, buildings, fixtures, and appurtenances located within this District and Division, secured as collateral under these instruments, including rents derived from the Property, particularly described above.

3. Plaintiff Mortgage is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendants and all persons, occupants, entities and others claiming by, through or under them, which are subordinate to it and subject to foreclosure in this case. Plaintiff's Mortgage is foreclosed against the Property, which forecloses any interest in the Property also subject to Plaintiff's *lis pendens* per Florida law.

4. Under Fed. R. Civ. P. 53, Mediation Inc./James Chaplin, Esq. and/or their designee is appointed as Special Master and authorized to sell the Property, its improvements, buildings, fixtures, appurtenances for public

sale, at the Lake County Courthouse, or its office, at the usual hour and location for public sale, per 28 U.S.C. § 2001 *et seq* and applicable Florida law, after publication of the advertised notice of the public sale of the Property, once a week for 4 weeks prior to the sale in a newspaper regularly issued and of general circulation in Lake County. The sale is without right of redemption per 28 U.S.C. § 2001 *et seq.*

    5.    Under 28 U.S.C. § 564 and 566, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair, and competitive bidding.

    6.    At the sale, the successful bidder(s) shall deposit at least 10% of the successful bid with the Special Master, by cash, cashier's check or certified check, made payable to Plaintiff's counsel of record. To be permitted to bid, bidders shall present proof to the Special Master of their compliance with this requirement. Plaintiff may place credit bids against the amount due on the First Note/Mortgage without any payment.

7. A third-party bidder/purchaser will pay the balance of the purchase price for the Property in cash, cashier's check, or certified check, payable to Plaintiff's attorney, within 48 hours after the sale date. If the purchaser defaults on this or any other condition of sale, then the deposit is forfeited and shall be applied to expenses of sale. The Property may then be re-offered for sale or sold to a second highest bidder at Plaintiff's discretion.

8. If Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to fully pay Plaintiff's bid. If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master.

9. Following completion of the sale, the Special Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court.

10. Plaintiff may assign the judgment and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

11. Per Fed. R. Civ. P. 70, by motion after the sale, the Court will enter an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title or other conveyance, per Fla. Sta. Ann. § 45.011 and 702.10 *et seq.* Or the Special Master may execute a conveyance of the Property to Plaintiff or any other purchaser at sale.

12. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps, land registry fees and like costs per law.

13. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this case, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the legal rate from this date to the sale date.

14. Per Count II, Plaintiff or any other purchaser at the sale is granted possession of the Property, its improvements, fixtures and other contents. All other parties, occupants, entities and others will vacate the Property following the sale, as directed by the U.S.

Marshall and/or local law enforcement officers, their deputies and agents, who are ordered to take any and all action to remove anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale is authorized to coordinate to take all actions reasonably necessary to effectuate same. Refusal or failure to vacate the Property is punishable by contempt.

15. Until the Property is sold and the successful bidder takes physical possession, all other parties, occupants, entities and others will take all reasonable steps necessary to preserve the Property in its current condition, including its buildings, improvements, fixtures and appurtenances, including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff. All parties, occupants, entities and others will not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from

participating in the sale and shall not cause or permit anyone else to do so. Violation of the above is punishable by contempt of Court.

16. If anyone does not remove their personal property from the Property under this Order, then any personal property remaining on the Property is deemed forfeited and abandoned and Plaintiff or other purchaser at sale is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described in this Order.

17. Per Count III, the Clerk will enter judgment against Defendants Cox and Moore on Plaintiff's Note/Mortgage in the following amounts: principal of $182,869.29 and post-judgment interest at the legal rate.

18. The Court retains jurisdiction over this action and the Property for purposes of making any and all further orders and decrees as just and equitable, including but not limited to awarding costs, for contempt and for confirmation of the sale.

**The Clerk is DIRECTED close this case.**

DONE and ORDERED in Orlando, Florida on June 16, 2017.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Cc: copies to counsel of record